UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMON MERRITT and SANDRA MERRITT, | CIVIL ACTION NO.: 17-10636 |
| VERSUS, | |
| | DISTRICT JUDGE: |
| TEXACO INC.; STAR ENTERPRISE; RADIATOR SPECIALTY COMPANY; UNITED STATES STEEL CORPORATION; BERRYMAN PRODUCTS, INC.; SHELL OIL COMPANY; MURPHY OIL COMPANY; GENUINE PARTS COMPANY; ASHLAND INC.; UNIVAR USA, INC. f/k/a CHEMCENTRAL; UNION OIL COMPANY OF CALIFORNIA d/b/a UNOCAL; CHEVRON USA INC.; CRC INDUSTRIES, INC.; HUNT OIL COMPANY; HUNT REFINING COMPANY; EXXONMOBIL CORPORATION; SOLO MARINE INC.; BLACK TOWING, INC.; TURNER INDUSTRIES GROUP, LLC; 3M COMPANY; BARRIERE CONSTRUCTION CO., L.L.C.; and WOODWARD DESIGN + BUILD, LLC. | MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, come defendants, Texaco Inc., Chevron U.S.A. Inc., CRC Industries, Inc., Star Enterprise, Union Oil Company of California d/b/a Unocal and United States Steel Corporation (hereinafter "Defendants"), to file this Notice of Removal to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1441 and 1446, on the following grounds:

1.

On or about November 3, 2015, Amon Merritt and Sandra Merritt[1] ("Plaintiffs"), filed this lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, which was docketed in that court as No. 2015-10509, asserting Louisiana state law claims arising out of Mr. Merritt's alleged exposure to benzene and products that contain benzene, which Plaintiffs contend caused Mr. Merritt to develop chronic myeloid leukemia ("CML"). *See* Plaintiffs' Original Petition for Damages, filed November 3, 2015, attached hereto as Exhibit A.

2.

This Notice of Removal is being filed in the United States District Court for the Eastern District of Louisiana, the federal judicial district encompassing the state court where this lawsuit was pending, and is being filed within the time period for the removal of actions to the United States District Court. *See* 28 U.S.C. § 1446(b) and (c).

3.

Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this District.

4.

### *Basis for Removal*

This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

---

[1] Defendants challenged Mrs. Merritt's claims by filing their Exceptions of Prescription urging that Mrs. Merritt's claims were time barred. The trial court denied Defendants' Exceptions and Defendants appealed. The Louisiana Fourth Circuit Court of Appeal ruled that "Mrs. Merritt's separate and independent cause of action for loss of consortium is prescribed. But because facts may exist which would be sufficient to overcome prescription, in the interest of justice, we remand this matter to the trial court to allow Mrs. Merritt to amend her petition within a specified period of time." Consistent with this ruling, on September 23, 2016, the trial court ordered Mrs. Merritt to amend her petition, if desired, within thirty (30) days of its order. Mrs. Merritt chose not to do so.

5.

Diversity jurisdiction exists because there is complete diversity as to all properly joined and served parties and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs.

6.

Plaintiffs are citizens of the state of Mississippi.  *See* Exhibit A, Plaintiffs' Original Petition for Damages; First Amended Petition for Damages attached hereto as Exhibit B; and Second Amended Petition for Damages attached hereto as Exhibit C.

7.

No defendant in this matter is a citizen of the state of Mississippi.  *See* List of Parties, attached hereto as Exhibit D and exhibits thereto; *see also* Exhibit A-C.

8.

### *The Forum Defendants*

Although complete diversity existed at the time the action was commenced, this matter was not initially removable under diversity of citizenship jurisdiction due to the presence of five (5) forum defendants: Solo Marine, Inc.; Black Towing, Inc.; Barriere Construction Co., L.L.C.; Woodward Design + Build, LLC; and Turner Industries Group, L.L.C. *See* Exhibits A-D; *see also* 28 U.S.C. § 1441(b)(2).

9.

### *No Service on Two of the Five Forum Defendants*

Proper service of process has never been made on Solo Marine, Inc. and Black Towing, Inc. as they were never served the original citation and petition and, thus, were not made parties to this suit. *See* La. Code Civ. Proc. art. 1201(A) ("[c]itation and service thereof are essential in

3

all civil actions"). The presence of a forum defendant who has not been served at the time of removal, but only named as a defendant in the suit, does not trigger the applicability of the forum defendant rule provided by 28 U.S.C. § 1441(b)(2). *See Leech, et al. v. 3M COMPANY, et al.*, No. 17-446, 2017 WL 4334224 (E.D. La. Sept. 30, 2017); *Groves v. Farthing*, No. 15-722, 2015 WL 3646724 (E.D. La. June 10, 2015). Thus, although Solo Marine, Inc. and Black Towing, Inc. are citizens of Louisiana, their presence as named defendants does not preclude removal.[2]

10.

*<u>Dismissal of Two Other Forum Defendants</u>*

Additionally, Plaintiffs voluntarily dismissed Barriere Construction Co., L.L.C. and Woodward Design + Build, LLC without prejudice in June and July of 2016, respectively, leaving Turner Industries Group, L.L.C ("Turner") as the only remaining Louisiana defendant.[3] *See* Signed Order Dismissing Woodward Design + Build, LLC Without Prejudice, attached hereto as Exhibit E, and Joint Motion to Dismiss Without Prejudice and Signed Order Dismissing Barriere Construction Co., L.L.C., attached hereto as Exhibit F.

11.

Because Barriere Construction Co., L.L.C. and Woodward Design + Build, LLC were voluntarily dismissed, Defendants could have removed this case with the dismissal of Woodward Design + Build, LLC in July 2016, absent the presence of Turner. *See Weems v. Louis Dreyfus*

---

[2] Further, Solo Marine, Inc. and Black Towing, Inc. are each improperly joined as defendants in this lawsuit. Solo Marine, Inc. was dissolved in 1997 and Black Towing, Inc. was dissolved in 1988. Because both entities had been dissolved more than three (3) years prior to Plaintiffs filing this lawsuit, Plaintiffs had no possibility of recovery from either. *Rantz v. Shield Coat, Inc.*, No. CV 17-3338, 2017 WL 3188415, at *5 (E.D. La. July 26, 2017) (citing La. R.S. § 12:147(D) (2011)).

[3] There is no factual basis for Plaintiffs to establish that Barriere Construction Co., L.L.C. or Woodward Design + Build, LLC was ever present at any of Mr. Merritt's job sites, much less that either caused him to be exposed to benzene or products that contain benzene. Notably, Amon Merritt indicated during his deposition that he had no information regarding Barriere Construction Co., L.L.C. or Woodward Design + Build, LLC. *See* Exhibit G, Merritt Deposition taken on 9/13/17, at 678:6-23. Accordingly, they too were improperly joined as defendants in this litigation.

*Corp.*, 380 F.2d 545, 548 (5th Cir. 1967); *see also, e.g., Smith v. Union Carbide Corp.*, 2013 WL 6244199 *2–3 (E.D.La. Dec. 3, 2013); *Mumfrey v. Anco Insulations, Inc.*, No. CIV.A. 11-2284, 2011 WL 4745626, at *2 (E.D. La. Oct. 7, 2011).

12.

### *The Remaining Forum Defendant was Improperly Joined*

The citizenship of Turner, the only remaining forum defendant, should be disregarded and Turner need not join-in or consent to this removal because it was improperly joined as a defendant in this action.

13.

Improper joinder may be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003); *Smallwood v. Ill. Cent. Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Under the second approach, the defendant claiming improper joinder must show "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In conducting its analysis of this issue, the Court may pierce the pleadings and conduct a summary inquiry. *Id.*

14.

In order to recover from Turner, Plaintiffs would have to prove that Turner caused some sort of spill, discharge, or release of benzene to which Mr. Merritt was exposed that caused his

injuries.[4] *See e.g. Wiley v. Sanders*, 34-923, p. 5 (La. App. 2 Cir. 8/22/01), 796 So.2d 51, 55 ("Under either theory, negligence or strict liability, the plaintiff must prove that the defendant had custody or *garde* of the thing which caused the damage, that the thing contained a defect. . .and that this defective condition caused the plaintiff's injuries."). Specifically, in order to prove causation, Plaintiffs would have to show that Turner or its employees released benzene in a manner such that it was a substantial factor in causing Mr. Merritt's injury. *See Quick v. Murphy Oil Co.*, 93-2267, p. 10 (La. App. 4 Cir. 9/20/94), 643 So.2d 1291, 1295 ("the substantial factor inquiry is . . .used when two or more combined causes are present") (citing *Fowler v. Roberts*, 556 So.2d 1, 5 n. 6 (La. 1989)); *see also Manuel v. Shell Oil Co.*, 94-590 (La. App. 5 Cir. 10/18/95), 664 So.2d 470 (applying the substantial factor causation standard for benzene exposure).

15.

During his deposition in this matter, Mr. Merritt testified that, although Turner employees were present at two of the job sites at which he worked, the BP Alliance and a Texaco Refinery, he did not work near the vicinity of or assist Turner employees with their work; nor was he instructed in his work by any Turner employee at either location. Mr. Merritt further testified that he does not have any knowledge or information that anyone associated with Turner caused any sort of spill, discharge, or release of benzene at either worksite at which they were present, nor does he have any information that Turner exposed him to benzene in any way. *See* Continued Deposition of Amon Merritt taken on 9/13/17 at 679:1-15; 680:2-7; 681:21-24; 683:22-25; 684:1-3, 13-17; 685:14-17, 22-25; 686:1-12, attached hereto as Exhibit G.

---

[4] "[T]he standards for deciding causation are the same whether a claim is based on negligence or strict liability." *Jones v. Peyton Place, Inc.*, 95-0574, p. 9 (La. App. 4 Cir. 5/22/96) (citing *Fontenot v. Fontenot*, 93-2479 (La. 4/11/94)).

16.

Although this matter has been pending for nearly two years and Plaintiffs' deadline to identify trial witnesses has passed, Plaintiffs have not identified a single fact witness who could offer testimony regarding any exposures or release of benzene to which Mr. Merritt was exposed that could have possibly been caused by Turner.[5] Further, Plaintiffs' voluminous exhibit list does not include a single exhibit relating to Turner or any spill that may have occurred at either the Alliance or Texaco Refinery. *See* Plaintiffs' Preliminary Fact Witness List and Plaintiffs' Exhibit List, attached hereto as Exhibits H and I.

17.

Plaintiffs have no possibility of recovery from Turner because, based on Mr. Merritt's testimony, the stipulated testimony of Plaintiffs' fact witnesses and the exhibits identified by Plaintiffs in this matter, the evidence does not support any finding that any act or omission of Turner resulted in Mr. Merritt's alleged exposures to benzene. Accordingly, Plaintiffs will be unable to prevail on their claim against Turner. Without any evidence that Turner or its

---

[5] Plaintiffs' deadline under the Scheduling Order, as amended, to make available any fact witnesses with knowledge of exposure and any fact witness whom Plaintiff may call at trial on any subject available for deposition by October 13, 2017. *See* Pre-Trial Scheduling Order and Order Amending Pre-Trial Scheduling Order, attached hereto as Exhibit N. Plaintiffs have not made any fact witnesses available to date. Although we have attempted to work with opposing counsel to reach an agreement to extend this deadline, no such agreement has been reached. Therefore, Plaintiffs' shall be precluded from calling any fact witnesses at the trial of this matter. Moreover, during discussions to obtain deposition dates for his fact witnesses, has identified three potential fact witness who may have personal knowledge with regard to Mr. Merritt's alleged exposures to benzene and products that contain benzene: (1) Bobby Merritt; (2) Sandra Merritt; and (3) Timothy Merritt. Per opposing counsel, Bobby Merritt has knowledge regarding Mr. Merritt's alleged non-occupational exposures and occupational exposures only at Anders Tires in Lucedale, Mississippi and Sandra and Timothy Merritt each have knowledge only of Mr. Merritt operation of a Spur gas station in Lucedale, Mississippi. Tim Merritt may also have testimony regarding Mr. Merritt having worked at Chevron Pascagoula as an Operator. Turner was not present at Anders Tires, the Spur gas station Mr. Merritt operated or Chevron Pascagoula when Mr. Merritt worked at these places. *See* Exhibit G, Merritt Deposition 9/13/2017, at pp. 679-86.

employees caused Mr. Merritt to be exposed to benzene, Plaintiffs cannot recover under the negligence and/or strict liability claims they assert against Turner.

18.

*Timeliness of Removal*

When a case is not initially removable based on the allegations in the petition, a defendant can later remove a case within thirty days of the receipt of pleadings or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants first became aware that Turner was improperly joined when Mr. Merritt gave his deposition testimony on September 13, 2017. *See* Exhibit G, Merritt Deposition taken on 9/13/17. Therefore, at the earliest, Defendants have thirty days from September 13, 2017, within which to remove this matter. By filing this notice of removal on October 13, 2017, Defendants have timely filed this notice of removal.

19.

Although 28 U.S.C. § 1446(c)(1) generally precludes removal on the basis of diversity jurisdiction more than one year after commencement of the action, the statute allows a defendant to remove the case after the lapse of one year where a plaintiff acted in bad faith to prevent removal. *See Rantz v. Shield Coat, Inc.*, No. 17-3338, 2017 WL 3188415, at *6 n.29 (E.D. La. July 26, 2017). Bad faith exists, for example, when a non-diverse or forum defendant was improperly joined in an effort to circumvent the rules on removal and plaintiff took no steps to prosecute the claims alleged against that defendant. *In re Propulsid Products Liability Litigation*, No. 1355, 2007 WL 1668752, at *1 (E.D. La. June 6, 2007) (finding plaintiff attempted to manipulate the statutory rules on removal where plaintiff did not serve discovery on the non-diverse defendants, did not take depositions of the non-diverse defendants, did not identify

experts to offer opinions against the non-diverse defendants, and then dismissed the non-diverse defendants three years after the initial filing of the suit).[6]

20.

As demonstrated above, Mr. Merritt's own testimony negates the allegations against Turner in Plaintiffs' Petition and precludes any possibility of recovery from Turner under any legal theory.

21.

Furthermore, Plaintiffs never served any discovery on Turner or any other defendant regarding the claims made against Turner and did not take any depositions of Turner or its employees.

22.

Because Plaintiffs cannot recover from Turner in the instant matter and have failed to identify any fact witness that will testify regarding or any exhibit evidencing any alleged exposures caused by Turner and have failed to conduct any sort of discovery regarding Turner since the suit was initially filed in November of 2015, Plaintiffs have no credible reason for Turner's continued presence in this litigation, other than to keep a Louisiana defendant in the case to prevent removal.

---

[6] Note, this Court in *In re Propulsid* analyzed the case under the equitable tolling standard because it was decided prior to the 2011 amendment which codified the "bad faith" exception of 28 U.S.C. §1446(c)(1). However, the analysis of the previously utilized equitable tolling standard is the same as the current analysis for bad faith pursuant to § 1446(c)(1). *See Day v. Western World Insurance Company*, No. 14-00348, 2014 WL 4373301, at *4 (M.D. La. Sept. 3, 2014) ("the legal standards to be applied are the same because the 2011 amendments to the federal jurisdiction statutes simply codified the long recognized jurisprudential equitable-tolling exception to the one-year deadline"); *see also Rantz*, 2017 WL 3188415 at *5 (In discussing whether to equate the equitable tolling standard analysis with the bad faith exception, this Court stated it will use the same analysis and opined it will "focus its bad faith inquiry on whether plaintiffs' conduct illustrates manipulation of the removal statute so as to prevent [defendant] from removing the case to federal court under § 1332"). Thus, *In re Propulsid* applies with equal force to the current bad faith exception under § 1446(c)(1).

23.

*Amount in Controversy is Satisfied*

Although an exact monetary amount is not demanded in any of Plaintiffs' petitions, Plaintiffs seek to recover damages for past, present, and future physical and mental pain and suffering and emotional distress from Mr. Merritt's CML; fear of dying endured from the time of Mr. Merritt's diagnosis of CML; loss of enjoyment of life; past, present, and future medical expenses; lost wages; disfigurement and embarrassment; physical impairment; past and future earnings; lost earning capacity; physical and mental disabilities; past, present, and future medical care, convalescence, mental and physical therapy and all other health care expenses; along with other miscellaneous damages. *See* Exhibit C, Plaintiffs' Second Amended Petition for Damages at 56-57, ¶182. Although Defendants maintain that Plaintiffs are not entitled to any recovery whatsoever in this matter, the amount in controversy exceeds the $75,000.00 prerequisite for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a). *See e.g., Carleton v. CRC Indus., Inc.*, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (noting preliminary diagnostic testing alone in cancer cases can often exceed $75,000).

24.

*Consent For Removal*

As evidenced by the attached Consents to Removal, all remaining properly joined and served[7] defendants in this action have consented to the removal of this matter.[8] *See* Consents to Removal, attached hereto as Exhibit J.

---

[7] Because Solo Marine, Inc and Black Towing, Inc. were not served at the time this removal was filed, and, as discussed in footnote 2, are improperly joined, their consent is not needed. *See* 28 U.S.C. § 1446(b)(2)(A); *Leech*, WL 4334224 at *6; *Groves*, 2015 WL 3646724 at *5.

25.

Ashland, Inc. and 3M Company are nominal defendants from whom consent is not required. Both Ashland, Inc. and 3M Company have each settled the claims brought by Plaintiffs against it. *See* Correspondence Regarding Settlement, attached hereto as Exhibit K. Therefore, neither are a party of interest in this matter and their consent is not needed for removal. *See Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 912 (5th Cir. 2000) (finding plaintiff intended to abandon litigation against non-diverse defendant effectively eliminating it from the litigation); *Martineau v. ARCO Chem. Co.*, 25 F. Supp. 2d 762, 767 (S.D. Tex. 1998), *aff'd sub nom. Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904 (5th Cir. 2000) (denying remand concluding settling defendant was fraudulently retained and finding consent from that defendant was not required for removal); *Acosta v. Master Maint. & Const., Inc.*, 52 F. Supp. 2d 699, 709-10 (M.D. La. 1999) (finding defendants who have settled are nominal defendants whose consent to removal is unnecessary).

26.

### *The State Court Pleadings And Papers*

Pursuant to 28 U.S.C. § 1446(a), copies of all papers and pleadings on file with the Civil District Court for the Parish of Orleans, State of Louisiana, shall be filed into this Court's record. A copy of the State Court Docket Sheet is attached hereto as Exhibit L.

---

[8] The defendants that remain as parties of interest to this matter include: (1) Berryman Products, Inc.; (2) Chevron U.S.A. Inc.; (3) CRC Industries, Inc.; (3) Exxon Mobil Corporation; (4) Genuine Parts Company; (5) Murphy Oil USA, Inc.; (6) Radiator Specialty Company; (7) Star Enterprise; (8) Texaco Inc.; (9) Union Oil Company of California d/b/a Unocal; (10) United States Steel Corporation; and (11) Univar USA, Inc. f/k/a Chemcentral. *See* Exhibit D.

27.

In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being delivered to all parties individually or through their counsel of record. Additionally, a copy of the Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana. *See* Defendants' Notice of Filing Notice of Removal, attached hereto as Exhibit M.

28.

### *Conclusion*

Defendants, Texaco Inc., Chevron U.S.A. Inc., CRC Industries, Inc., Star Enterprise, and United States Steel Corporation, hereby remove this case from the Civil District Court for the Parish of Orleans, State of Louisiana, to this federal court.  This Court has original jurisdiction over the subject matter of the claims asserted against Defendants under 28 U.S.C. § 1332 because all properly joined and served defendants are citizens of different states than Plaintiffs, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Additionally, this action is properly removed on diversity jurisdiction because no properly joined defendants in this case is a citizen of the state of Louisiana, which is the state in which Plaintiffs brought this action.  In accordance with 28 U.S.C. § 1446(c)(1), Defendants are allowed to remove this action, which has been pending for more than one (1) year because Plaintiffs improperly joined Turner Industries Group, L.L.C., a Louisiana resident, as a defendant in this action in an effort to prevent removal, which constitutes bad faith.

        Respectfully submitted,

        **FORMAN WATKINS & KRUTZ LLP**

        */s/ Erin Wedge Latuso*
        TIM GRAY (#31748)
        ERIN W. LATUSO (#31560)
        ETIENNE F. RENE (#37276)
        701 Poydras Street, Suite 4350
        New Orleans, LA 70139-6001
        Telephone: (504) 799-4383
        Facsimile: (504) 799-4384
        Erin.Latuso@formanwatkins.com
        Etienne.Rene@formanwatkins.com
        nolaeservice@formanwatkins.com

        *Attorneys for Defendants Texaco Inc.; Chevron U.S.A. Inc.; CRC Industries, Inc.; Star Enterprise; Union Oil Company of California d/b/a Unocal and United States Steel Corporation*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 13, 2017, I served a true and correct copy of the foregoing on all known counsel of record and/or party by U.S. Mail, certified mail, fax, e-mail, and/or hand delivery as follows:

    Plaintiffs:

    **Amon Merritt and Sandra Merritt**
    Through Their Counsel of Record
    L. Eric Williams, Jr.
    Williams Law Office, LLC
    433 Metairie Road, Suite 401
    Metairie, Louisiana 70005
    eric@amlbenzene.net

    And

Andrew J. DuPont
Locks Law Firm, LLC
601 Walnut Street, Suite 720 East
170 S. Independence Mall West
Philadelphia, PA 19106
adupont@lockslaw.com

And

John Finckbeiner, Jr.
Law Office of John Finckbeiner, Jr.
2203 Pakenham Drive
Chalmette, LA 70043
john@jfjustice.com

Defendants:

**Radiator Specialty Company**
Through Their Counsel of Record
Lynn Luker
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street, Suite 2500
New Orleans, LA 70112
lml@stanleyreuter.com

And

James M. Riley, Jr.
Coats Rose
9 Greenway Plaza, Suite 1100
Houston, TX 77046
jriley@coatsrose.com

**Berryman Products, Inc.**
Through Their Counsel of Record
Allen J. Krouse, III
Suzanne M. Risey
Frilot, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
akrouse@frilot.com
srisey@frilot.com

And

Robert Kum PHV

14

Sedgwick, LLP
801 S. Figueroa Street, 19th Floor
Los Angeles, CA 90017
Robert.kum@sedgwicklaw.com

**Murphy Oil Corporation**
Through Their Counsel of Record
James M. Garner
Christopher T. Chocheles
Eric J. Blevins
Sher, Garner, Cahill, Richter, Klein & Hilbert, LLC
909 Poydras Street – 28th Floor
New Orleans, LA 70112
jgarner@shergarner.com
cchocheles@shergarner.com
eblevins@shergarner.com

**Genuine Parts Company**
Through Their Counsel of Record
John J. Hainkel, III
Angela M. Bowlin
James H. Brown, Jr.
Kelsey A. Eagan
Frilot, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
jhainkel@frilot.com
abowlin@frilot.com
jbrown@frilot.com
keagan@frilot.com

**Univar  USA, Inc. f/k/a Chemcentral**
Barbara L. Aras
Jeremy T. Grabill
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130
Barbara.arras@phelps.com
jeremy.grabill@phelps.com

**ExxonMobil Corporation**
Deborah D. Kuchler
Monique M. Weiner
Katherine Wells
Kuchler, Polk, Schell, Weiner & Richeson, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA 70112

15

dkuchler@kuchlerpolk.com
mweiner@kuchlerpolk.com
kwells@kuchlerpolk.com

**Turner Industries Group, LLC**
Through Their Counsel of Record
Paul Palermo
Cynthia Roth
Blue Williams, LLP
3421 North Causeway Blvd., Suite 900
Metairie, LA  70002
ppalermo@bluewilliams.com
croth@bluewilliams.com


**Ashland, Inc.**
Through Their Counsel of Record
John J. Hainkel, III
Angela M. Bowlin
James H. Brown, Jr.
Kelsey A. Eagan
Frilot, LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
jhainkel@frilot.com
abowlin@frilot.com
jbrown@frilot.com
keagan@frilot.com

**3M Company**
Christopher O. Massenburg
Glenn L. M. Swetman
Jeanette S. Riggins
B. Adam Hays
Brandie M. Thibodeaux
David R. Frohn
Kevin R. Sloan
Meaghan M. Donovan
Natasha A. Corb
Manion Gaynor & Manning, LLP
365 Canal Street, Suite 3000
New Orleans, LA 70130
cmassenburg@mgmlaw.com
mswetman@mgmlaw.com
jriggins@mgmlaw.com
ahays@mgmlaw.com

        bthibodeaux@mgmlaw.com
        dfrohn@mgmlaw.com
        ksloan@mgmlaw.com
        mdonovan@mgmlaw.com
        ncorb@mgmlaw.com

*/s/ Erin Wedge Latuso*
**ERIN WEDGE LATUSO**